UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMERCE BANK, N.A.,
        Plaintiff,

                                    Case No. 1:07-cv-589

-v-

                                    HONORABLE PAUL L. MALONEY

"JUICED-UP," her engines, tackle
appurtenances, etc., *in rem*,
        Defendant.

OPINION IN SUPPORT OF ORDER VACATING ENTRY OF DEFAULT OF DAVID ALLEN WESSELDYK

      This matter is before the Court on David Wesseldyk's, d/b/a Wesco Racing Engines, Motion to Set Aside Default filed under Fed. R. Civ. P 55. This Court has considered the motion, brief, exhibits and other relevant documents filed in the action. The time for filing a response has expired.

I.  BACKGROUND

      On June 21, 2007, Plaintiff Commerce Bank filed a complaint against "Juiced-Up," a boat purchased by Carol Grisko in November 2006. Ms. Grisko executed a first preferred ship mortgage with Plaintiff on November 26, 2006. (Exhibit B to Complaint). The mortgage was filed and recorded with the United States Coast Guard on April 25, 2007. (Plaintiff's Answer to Mr. Wesseldyk's Verified Statement of Interest, ¶ 9). Along with the complaint, Plaintiff filed a motion to publish notice of the action in the Grand Rapids Press. The motion was granted in an order dated the same day. The order provided that all interested parties shall file claims within 10 days after publication and answers within 20 days after claims are filed. Later that day, federal marshals took custody of the boat from David Wesseldyk and transferred the boat to Barrett Boat Works, the substitute custodian approved by the Court.

On June 22, 2007, Mr. Wesseldyk filed an appearance in the case. Plaintiff sent a copy of the verified complaint to Mr. Wesseldyk's attorney on June 25. (Exhibit C to Motion to Set Aside Default - letter from Plaintiff's Counsel). On June 28, Plaintiff published notice of the action in the Grand Rapids Press. (Attachment 1 to Application for Entry of Default of David Wesseldyk - affidavit of C. Grant Vander Veer). Mr. Wesseldyk filed a verified statement of interest on July 2, 2007. The verified statement alleged Mr. Wesseldyk had been performing necessary repairs from February 7, 2007 until the boat was taken from his custody by federal marshals. Mr. Wesseldyk alleged several theories supporting his claim for an interest in the vessel. In the verified statement, Mr. Wesseldyk requested a prompt post-arrest hearing under Fed. R. Civ. P. Supp. Rule E(4)(f). Plaintiff filed an answer to the verified statement of interest on July 19. No hearing was scheduled. Mr. Wesseldyk has not filed an answer to the complaint.

Ultimately, Plaintiff secured entry of default against Mr. Wesseldyk. On July 24, Plaintiff filed an application for entry of default against Mr. Wesseldyk. Default was entered on July 25. Mr. Wesseldyk filed this motion on August 3, 2007.[1]

II. LEGAL FRAMEWORK

A trial court has discretion to set aside entry of default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). The Rules of Civil Procedure permit a court to set aside entry of default "for good cause shown." Fed. R. Civ. P. 55(c); *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). When determining whether the defendant has good cause, a court should consider three equitable factors: (1) whether culpable conduct of the defendant led to the

---

[1] Mr. Wesseldyk filed a motion set aside on August 2 along with a brief and attachments. The motion contained an introductory paragraph, but nothing else. The corrected motion was filed on August 3. The amended brief in support of the corrected motion was filed on August 7.

default, (2) whether defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *Id.*; *United Coin*, 705 F.2d at 845.

Some context is necessary to understand Mr. Wesseldyk's interest and claim. Maritime attachments or liens are an historic practice and an inherent component of the admiralty jurisdiction given to federal courts under Article III of the Constitution. U.S. Const. art. III, § 2; *Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d. 434, 437 (2d Cir. 2006). Maritime attachments arose because it was generally more difficult to find the parties and the property involved in maritime disputes than those involved in other civil actions. *Aqua Stoli*, 460 F.3d. at 443. The purposes of maritime attachments have been to gain jurisdiction over an absent defendant and to assure satisfaction of an eventual judgment. *Id*. at 437 (citing *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 693 (1950)). Those purposes are served by a policy of allowing attachment of maritime assets where they are found, rather than requiring a plaintiff to search for a proper forum for suit involving transient defendants and their assets. *Id.* at 443.

A party is permitted to enforce, upon default, a preferred mortgage lien in a civil action in rem for a documented vessel. 46 U.S.C. § 31325(b)(1). Rule B of the Admiralty Supplement to the Federal Rules of Civil Procedure governs the process by which a party may attach another's assets. Fed. R. Civ. P. Supp. Rule B. Under the rule, a plaintiff must file a verified complaint requesting an attachment of property and an affidavit stating that, to the best of the plaintiff's knowledge, the defendant cannot be found within the judicial district. Supp. Rule B(1)(a-b); *Aqua Stoli*, 460 F.3d. at 443.

In response to due process concerns about the early versions of Rule B, subsection (4)(f) was

added to Rule E in 1985. *Aqua Stoli*, 460 F.3d at 440. *See* Supp. Rule E advisory committee's notes. The rule mandates that any person with an interest in the attached property is entitled "to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted." Supp. Rule E(4)(f). The Advisory Committee notes to the 1985 Amendment state "[u]pon oral or written application similar to that used in seeking a temporary restraining order, see Rule 65(b), the court is required to hold a hearing as promptly as possible to determine whether to allow the arrest or attachment to stand."

III. ANALYSIS

The three equitable considerations favor a finding that Mr. Wesseldyk has established good cause to set aside entry of default. Initially, this Court cannot find fault in any actions taken by Mr. Wesseldyk prior to entry of default. Mr. Wesseldyk became aware of the action when the vessel was taken by federal marshals on June 21. Through his attorney, he filed an appearance the next day. His attorney was sent a copy of the verified complaint on June 25. Mr. Wesseldyk timely filed a verified claim identifying his interest in the vessel and requested a prompt post-arrest hearing. Before the post-arrest hearing was scheduled, and after twenty days since the verified claim was filed, Plaintiff filed a motion for entry of default. Default was properly entered by the clerk as Mr. Wesseldyk had not filed an answer to the complaint within the time period allowed by the rules and the published notice. *See* Fed. R. Civ. P. 12(a)(1)(A). *See also Weiss v. St. Paul Fire and Marine Ins. Co*, 283 F.3d 790, 794 (6th Cir. 2002).

When considering the culpability of the moving party under Rule 55(c), a court has considerable discretion to grant equitable relief and balance all three factors. *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292-293 (6th Cir. 1992). *See Weiss*, 283 F.3d at 794

(explaining that a motion to vacate entry of default under Rule 55(c) has more lenient standards than a motion to set aside default judgment under Rule 60(b)); *Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-194 (6th Cir. 1986). In *Shepard*, the Sixth Circuit Court of Appeals held defendant had not evidenced culpable conduct because he had not acted in such a manner as to thwart judicial proceedings or display a reckless disregard for the effect of his conduct on those proceedings. 796 F.2d at 194. The court found the delay was not lengthy, there was no pattern of disregard for court orders or rules and that the strong policy of preferring to decide cases on the merits outweighed any inconvenience to the court or the other party resulting from the delayed answer. *Id.* The same can be said about Mr. Wesseldyk.

Second, Mr. Wesseldyk has set forth a meritorious defense. In determining whether a defaulted defendant's defense is meritorious, a court should not focus on the likelihood of success on the merits, but on whether the defaulted party states a defense good at law. *Burrell,* 434 F.3d at 835; *United Coin*, 705 F.2d at 845. In his verified statement of interest, Mr. Wesseldyk alleges he has a claim for necessaries under the Federal Maritime Leave Act, 46 U.S.C. §§ 31341-31343. The Act does authorize a maritime lien under certain conditions. *See Constructive Hands, Inc. v. Baker*, 446 F.Supp. 2d 88 (N.D.N.Y. 2006). Although a maritime lien is not a defense to the complaint, it does establish that Mr. Wesseldyk has an interest in the vessel. Mr. Wesseldyk's third claim in the verified statement of interest alleges he has a superior lien on the vessel because of Plaintiff's fraudulent and inequitable conduct. Such a claim has been recognized in other jurisdictions. *See e.g. Wardley Intern. Bank, Inc. v. Nasipit Bay Vessel*, 841 F.2d 259 (9th Cir. 1988); *Custom Fuel Serv., Inc. v. Lombas Industries, Inc.* 805 F.2d 561 (5th Cir. 1986).

A final equitable concern that would fall under both the first and second categories is that

if the entry of default is not vacated, Mr. Wesseldyk would have been deprived of due process that is supposed to be afforded under Supp. Rule E(4)(f). Although the verified statement of interest was timely filed and a prompt post-arrest hearing was requested, no hearing was scheduled before default was entered. The purpose of the rule was thus undermined by entry of default. Mr. Wesseldyk refers this Court to *Golden v. Nat'l Fin. Adjusters*, 555 F.Supp. 42 (E.D. Mich. 1982). In *Golden*, the defendant filed an answer to a motion for a preliminary injunction one day after receiving the summons. *Id.* at 44. The answer was filed under the wrong case number through no fault of the defendant. *Id.* The defendant did not file an answer to the complaint before the motion for entry of default was filed and entered. *Id.* at 4-5. The court concluded the answer to the preliminary injunction was evidence that the defendant sought to defend against the action and that it did not willfully default. *Id.* at 5. The court set aside entry of default even though the motion to vacate entry of default was filed more than eight months after default was entered. *Id.* at 5-6. Like the defendant in *Golden*, Mr. Wesseldyk filed papers challenging Plaintiff's claim.

Third, any prejudice Plaintiff may suffer is not sufficient to overcome the other two factors. Standing alone, delay in satisfying a plaintiff's claim is not sufficient to establish prejudice. *Burrell*, 434 F.3d at 835; *United Coin*, F.2d at 845. Plaintiff would need to show that the delay results in loss of evidence, increased opportunities for fraud, or discovery difficulties. *Burrell*, 434 F.3d at 835. Plaintiff has not demonstrated any such prejudice.

IV. CONCLUSION

For the reasons outlined above, this Court finds that equity favors setting aside the entry of default against Mr. Wesseldyk. Accordingly, the entry of default against Mr. Wesseldyk is set aside. An order consistent with this opinion has been contemporaneously filed.

Date:   September 6, 2007                                       /s/ Paul L. Maloney
                                                                                                  Paul L. Maloney
                                                                                                  United States District Judge