UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**COMMERCE BANK, N.A.**,

    Plaintiff,

vs.

Case No. 1:07-cv-589

Hon. Paul L. Maloney

**"JUICED-UP,"** her engines, tackle, appurtenances, etc., in rem,

    Defendant.

---

| | |
|---|---|
| **BUTZEL LONG**<br>By:  **James Y. Stewart** (P32949)<br>       **C. Grant Vander Veer** (P39721)<br>25 West 8th Street, Suite 200<br>Holland, MI 49423<br>(616) 396-8860<br>**Attorneys for Plaintiff** | **MARVIN & ASSOCIATES**<br>By:  **Richard A. Marvin** (P41433)<br>4608 Plainfield Avenue, N.E.<br>Grand Rapids, MI 49525<br>(616) 447-1664<br>**Attorneys for David Allen Wesseldyk d/b/a WESCO Racing Engines** |

---

### DEFAULT JUDGMENT AGAINST DEFENDANT "JUICED UP," HER ENGINES, TACKLE, APPURTENANCES, ETC., *IN REM*; ORDER TO SELL VESSEL; AND ORDER TO TRANSFER VESSEL TO NEW SUBSTITUTE CUSTODIAN

The Court having reviewed Plaintiff's Motion for Entry of Default Judgment Against Defendant "Juiced Up," Her Engines, Tackle, Appurtenances, Etc., *in rem*; for Order to Sell Vessel; and for Order to Transfer Vessel to New Substitute Custodian, and the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED:

1.    Judgment is entered in favor of Plaintiff against the vessel "Juiced-Up," *in rem*, in the amount of $548,812.76.

2. The Preferred Ship's Mortgage dated November 24, 2006, is declared a valid and enforceable lien upon the vessel superior to the interests, liens or claims of all other persons, firms or corporations whatsoever.

3. All persons, firms or corporations claiming any interest in the vessel shall be forever barred and foreclosed of and from all right or equity or claim of, in or to the vessel "Juiced-Up."

4. The United States Marshal shall sell the vessel "Juiced-Up" and the proceeds shall be used to satisfy all or a portion of Plaintiff's judgment.

5. The vessel "Juiced-Up" shall be sold at auction, and the terms of the sale shall be as follows:

   a. The sale shall occur on Friday, October 26, 2007, or on some other date thereafter, at a place Plaintiff shall determine to be appropriate.

   b. The sale shall be conducted by the United States Marshal, who shall accept bids and open all sealed bids at the auction.

   c. All bids are to be made at the auction or by sealed bid submitted to the United States Marshal's office, 544 Federal Building, 110 Michigan Ave., N.W., Grand Rapids, Michigan 49503, Attention Scott Lugtigheid, on or before October 25, 2007, at 4:30 p.m.

   d. Notice of sale shall be placed in the Grand Rapids Press one (1) day each week for four (4) consecutive weeks.

   e. The United States Marshal's office shall post three (3) public notices of the sale.

   f. Plaintiff may participate and purchase the vessel at auction by the use of a credit bid, bidding all or a portion of its judgment against the vessel.

   g. Each bid (except a bid by Plaintiff, which may be a credit bid) must be accompanied by a certified or cashier's check in an amount greater than 10% of the bid price. Checks are to be made payable to the order of the United States Marshal.

    h.    Any bid made must be in increments of One Hundred Dollars ($100.00), or it will be rounded to the nearest One Hundred Dollars ($100.00).

    i.    The winning bidder will have ten (10) days from the date of the auction to make full and final payment for the vessel.

    j.    The full and final payment shall be in the form of a certified or cashier's check made payable to the order of the United States Marshall or in cash.

    k.    The sale shall go to the highest bidder who has met the qualifications set forth above.

    l.    Any and all costs incurred by this sale shall be paid from the proceeds of the sale prior to disbursement of the proceeds.

    m.    This sale is subject to confirmation by this Court and may be withdrawn in the event a private sale is negotiated prior to sale.

    n.    The sale may be postponed or adjourned, provided there is at least one week's notice of the new sale date.

6.    David Allen Wesseldyk d/b/a WESCO Racing Engines ("Wesco") is appointed substitute custodian, and Barrett Boat Works, Inc., shall be relieved of further responsibility with respect to custody and storage of the vessel "Juiced-Up" after transfer of custody to Wesco.

7.    Plaintiff shall be solely responsible for expenses related to the services to be performed by Wesco as substitute custodian.

/s/ Paul L. Maloney
_____
Paul L. Maloney
United States District Judge

Dated: October 1, 2007 .